UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Keith McNamara, Receiver,

    Plaintiff,

v.

Hurtz Major Financial Services
Corp., *et al.*,

    Defendants.

Case No. 2:01cv1053

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff asserts claims for breach of contract, securities fraud and common law fraud. This matter is before the Court on Plaintiff's unopposed[1] motion for summary judgment, in which plaintiff seeks the remedy of rescission as a matter of law. For the reasons that follow, the Court grants Plaintiff's summary judgment motion.

### I. Facts

A district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-05 (6th Cir.1992). The following facts are derived from Plaintiff's summary judgment motion, the Affidavit of Vernon Shiflett, and the exhibits attached thereto.

---

[1] Although they were served, the remaining Defendants have not participated in this case for almost three years.

Plaintiff is the duly appointed Receiver for Diversified Management Resources, Inc. ("Diversified"). He commenced this action alleging the sale of unregistered securities against Defendants Hurtz Major Financial Services Corporation ("HMFSC"), Thomas J. Robbins ("Robbins"), and Clair W. Cox ("Cox") (collectively referred to as Defendants) on October 29, 2001. Defendants filed an Answer to the First Amended Complaint on or about October 7, 2002.

On about September 3, 2003, the Court granted leave to Defendants counsel to withdraw and directed Defendants to retain new counsel within 30 days of the date of the Order. Since that time, Defendants have failed to name new counsel, appear at the Status Conference scheduled for March 7, 2005, or otherwise defend this action.

On or about May 1, 2000, Robbins solicited Vernon Shiflett ("Shiflett"), on behalf of Diversified, to enter into an investment contract and joint venture agreement with HMFSC involving the purchase of United States Treasury Bills. Shiflett executed an Asset Management Program Joint Venture Agreement ("Agreement") and Resolution on behalf of Diversified in furtherance of the investment. Pursuant to the Agreement, HMFSC agreed to invest Diversified's funds in a joint account for the purpose of purchasing U.S. Treasury Bills. In exchange, Diversified was to receive fifty percent of the net profits of the Joint Venture.

Pursuant to the Resolution, Robbins was empowered to invest the funds in the Joint Venture for not longer than one year and thirty days. Shiflett, on behalf of Diversified, executed an Addendum to the Asset Management Joint Venture Agreement in which HMFSC agreed to provide weekly reports and monthly payments of interest, earnings, or profits to Diversified. Diversified delivered sums totaling three million five

hundred seventy two thousand two hundred thirty nine dollars and nine cents ($3,572,239.09) to Defendants for investment in the Joint Venture. *Id.*

Following delivery of those funds to HMFSC, Diversified received periodic distributions of profits during the year 2000, which totaled approximately four hundred ninety five thousand, five hundred dollars ($495,505.00). Despite repeated demands, Diversified has not received any further payment on the investment, nor has it received the return of the principal sum invested with HMFSC. In addition, HMFSC has not provided a written statement to Diversified detailing the investments undertaken by HMFSC since the funds were first invested.

The Ohio Division of Securities has no record of registration of any security or the exempt transaction by HMFSC. As a result, the security was offered and sold in Ohio in violation of O.R.C. Chapter 1707.

## II. Summary Judgment

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that

party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. Id. Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (*quoting Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the

summary judgment motion. Id. It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" Id. (quoting Matsushita, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

### III. Discussion

Plaintiff argues that he is entitled to statutory rescission under O.R.C. §1707.43(A) in an amount equal to the full amount paid for the security. sale of securities under Chapter 1707 of the Ohio Revised Code.

Every sale or contract for sale of a security made in violation of Chapter 1707 is voidable at the election of the purchaser. O.R.C. § 1707.43(A). Under O.R.C. § 1707.01(B), a security is defined as:

> Any certificate or instrument, or any oral, written, or electronic agreement, understanding, or opportunity, that represents title to or interest in, or is secured by any lien or charge upon, the capital, assets, profits, property, or credit of any person or of any public or governmental body, subdivision or agency.

A security includes investment contracts, among other things. Id. In Ohio, an investment contract is created when: (1) an offeree furnishes an initial value to offeror; (2) at least a portion of the initial value is subjected to the risk of the enterprise; (3) the furnishing of the initial value is induced by the offeror's promises or representations that give rise to a reasonable understanding that the offeree will receive a valuable benefit

of some kind, over and above the initial value, as a result of the operation of the enterprise; and (4) the offeree does not receive the right to exercise practical and actual control over managerial decisions of the enterprise. *State v. George*, 50 Ohio App. 2d 297, 362 N.E. 2d 1223 (Ohio App. 1975); *Proctor & Gamble Company v. Bankers Trust Company, et al.*, 925 F. Supp. 1270, 1283 (S.D. Ohio 1996). The second element requires the finding of a common enterprise. *Proctor & Gamble Company v. Bankers Trust Company, et al., supra.* There is a common enterprise when the contributed sums reasonably find their way into the general operations of the enterprise, or the investment becomes a part of the capital pool used to conduct the business being promoted by the offeror. *Id.* at 1283, *quoting State v. George, supra* at 1228.

The investment at issue meets the required elements under Ohio law to constitute an investment contract as a matter of law. Diversified furnished funds to HMFSC in furtherance of the Asset Management Joint Venture Agreement and Addendum thereto, with an initial value of $3,572,239.09. This value was subjected to the risks of the enterprise as set forth in the Asset Management Program Joint Venture Agreement and Addendum. By the very terms of those documents, Diversified's funds were being used as risk capital for HMFSC.

The terms of the Asset Management Program Joint Venture Agreement and Addendum further stated that Diversified would receive its principal, as well as a significant return of profit over and above the principal amount. Furthermore, Diversified had no practical or actual control over the managerial decisions of the enterprise. As a result, the Agreement meets the requisite elements to constitute an investment contract, which qualifies it as a security for purposes of O.R.C. § 1707.01(B).

O.R.C. §§ 1707.02 defines several securities and transactions that are exempt from registration with the Ohio Division of Securities. All other securities as defined by Chapter 1707 must be registered with the Division. The investment contract at issue in this case does not qualify as an exempt security or transaction. Moreover, the Ohio Division of Securities has no record that any claim for exemption, application for registration or notice filing has been filed in the name of Hurtz Major Financial Services Corp. Hence, the investment contract was sold to Plaintiff in violation of Ohio law.

HMFSC and every person who participated in or aided HMFSC in any way in making the contract for the Agreement are jointly and severally liable for the full amount that Diversified paid in addition to court costs. *See* O.R.C. § 1707.43(A). Robbins signed the joint venture agreement and clearly participated in the sale. Cox aided HMFSC in finalizing the contract by making repeated representations regarding the value of the investment and the mechanism for repayment. For these reasons, both Robbins and Cox are jointly and severally liable to Plaintiff.

The remedy for unlawful sale of securities is a statutory right derived from the illegality of the transaction, rather than a form of damages. *Sorenson v Tenuta,* 62 Ohio App.3d 696 (1989). The amount due is equal to the amount paid for the security, without deduction for dividends or distributions. In this case, there is no material issue of fact that the amount paid for the security was $3,572,239.09. The Court finds as a matter of law that Plaintiff is entitled to judgment in his favor in this amount.

## IV. Disposition

Based on the above, the Court **GRANTS** plaintiff's summary judgment motion (Doc. 87).

The Clerk shall enter final judgment in favor of plaintiff, and against defendants Hurtz Major Financial Servi`ces Corp., Thomas J. Robbins and Clair W. Cox, jointly and severally, in the amount of **$3,572,239.09**.

The Clerk shall remove this case from the Court's pending cases and motions lists.

The Clerk shall remove Doc. 87 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**Michael H. Watson, Judge**
**United States District Court**